FILED

04/02/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0139

ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0139

FILED

APR - 2 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

STATE OF MONTANA,

Plaintiff and Appellant,

v.

ORDER

YANBIN BAO,

Defendant and Appellee.

Appellee Yanbin Bao moves to stay disposition of the State's appeal and for a limited remand to the District Court for purpose of allowing that court to rule on her motion to dismiss for lack of speedy trial, filed on March 26, 2024. The State opposes the motion.

Bao argues the interests of justice warrant a stay of this appeal and remand to the District Court. She explains that her case was set for trial in the Fourth Judicial District Court, Missoula County, on April 11, 2024. However, after receiving an adverse evidentiary ruling, the State filed an interlocutory appeal under § 46-20-103(2)(e), MCA, on March 6, 2024. The District Court lost jurisdiction over the case because of the State's appeal and thus her trial cannot proceed.

Bao advises us that she is not a United States citizen and she was in the process of obtaining a green card through the United States Citizen and Immigration Services at the time she sustained these criminal charges. She alleges if there is no disposition of these criminal charges by June 10, 2024, she will not be eligible for a green card and will be deported. Thus, she argues this Court should stay the State's appeal and allow the District Court to consider her speedy trial motion promptly because delaying consideration of the motion to dismiss until after the resolution of this appeal will cause Bao to lose the opportunity to meet the June 10, 2024 deadline for green card eligibility.

Bao further asserts this Court has stayed appeals and remanded the matters for limited purposes where judicial economy favored resolution of the pending district court motion prior to the consideration of the appealed issues. *See State v. Edmonds*, DA 18-0245, Order (May 21, 2019); *State v. Grimshaw*, No. DA 22-0473, Order (Mont. Oct. 17, 2023). She argues that such is the case here, where a dismissal for lack of speedy trial would obviate the need for the parties to brief, and this Court to resolve, the evidentiary ruling the State challenges.

The State raises two arguments in opposition to Bao's motion to stay and remand. First, it argues the District Court lacks jurisdiction to hear Bao's motion to dismiss because the State has appealed the matter to this Court. Second, is that its appeal is authorized by statute. The State is correct that the District Court's February 16, 2024 Order on Motion to Suppress is appealable under § 46-20-103(2)(e), MCA, and it is also correct the District Court cannot rule upon Bao's pending motion to dismiss in that court because of the State's appeal. However, neither argument provides a basis for denying the relief Bao seeks. Staying this appeal and remanding the matter to the District Court for the limited purpose of allowing that court to rule on the pending motion to dismiss would give the District Court jurisdiction to rule on that motion. If the District Court grants Bao's motion, the present appeal would be mooted. If the District Court denies Bao's motion, the present appeal would proceed.

IT IS THEREFORE ORDERED that the appeal in this matter is STAYED and the briefing schedule is vacated until the District Court issues a decision on Bao's pending Motion to Dismiss.

IT IS FURTHER ORDERED that this matter is REMANDED to the District Court for the limited purpose of ruling upon Bao's pending Motion to Dismiss.

IT IS FURTHER ORDERED that the District Court shall issue a written decision on Bao's pending Motion to dismiss after the conclusion of briefing or following hearing, if one is held. If the District Court denies the motion to dismiss, it shall file a written decision to that effect and promptly supplement the record on appeal with such order. If

the District Court grants the motion to dismiss, the State shall take appropriate action to dismiss this appeal.

This Order does not limit the right of the State, under the law governing the State's appeal rights, to appeal from a decision granting the motion to dismiss or other relief.

Dated this 2nd day of April, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices